UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM A. HILL,

      Plaintiff,      Civil Action No. 17-10634
                  Magistrate Judge David R. Grand
v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT [16], GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [19], AND AFFIRMING
THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

**I. Background**

Plaintiff William A. Hill ("Hill") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions. (Docs. #16, 19). On April 24, 2017, the parties consented to the undersigned's authority to conduct all proceedings and enter a final judgment. (Docs. #11, 12). A hearing was held on January 18, 2018, where Hill's counsel appeared in person, while the Commissioner's counsel appeared by telephone.

Hill alleges disability as a result of various physical and mental impairments. Administrative Law Judge David A. Mason, Jr. (the "ALJ") found that Hill suffers from the following severe impairments: sarcoidosis, major depressive disorder, generalized anxiety disorder, intellectual disability/mild mental retardation, asthma, left ear hearing loss,

posttraumatic stress disorder, antisocial personality disorder, history of polysubstance dependence in full remission, and an affective disorder. (Tr. 14). The ALJ ultimately determined that Hill retains the residual functional capacity ("RFC") to perform a limited range of light work that is simple, routine, and repetitive in nature, free of fast-paced production requirements, and involving only simple work-related decisions with few, if any, workplace changes. (Tr. 16). The ALJ then found that because Hill is capable of performing a significant number of jobs that exist in the national economy, he is not disabled. (Tr. 22).

On appeal to this Court, Hill raises only one argument: that the ALJ erred in finding that he does not meet or medically equal Listing 12.05B. (Doc. #16 at 13-19).

## II. Applicable Legal Standards

Under the Act, DIB and SSI are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.

> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 416.920); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps . . . . If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) ("[I]f an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.") (internal quotations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486

F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or the court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("[I]f substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'").

## III. Analysis

For the reasons stated on the record, the Court finds that the ALJ's determination that Hill does not meet or medically equal Listing 12.05B is supported by substantial evidence. In order to demonstrate intellectual disability under the version of Listing 12.05B in effect at the time of the ALJ's decision, Hill must show: (1) significantly sub-average intellectual functioning with

deficits in adaptive functioning that initially manifested during the developmental period; and (2) a valid verbal, performance, or full scale IQ of 59 or less. In this case, Hill challenges the ALJ's conclusion that he did not have a <u>valid</u> IQ score of 59 or less.

To be "valid," an IQ score must reflect the "plaintiff's true abilities, as demonstrated by his or her performance at work, household management and social functioning." *Brown v. Sec'y of Health & Human Servs.*, 948 F.2d 268, 269 (6th Cir. 1991). The ALJ is responsible for making the factual findings regarding the validity of IQ scores, not the court. *See Baker v. Comm'r of Soc. Sec.*, 21 F. App'x 313, 315 (6th Cir. 2001) (affirming the ALJ's rejection of the plaintiff's IQ scores as inconsistent with the record, and noting that "the ALJ should examine test results of this sort to assure consistency with daily activities and behavior").

In this case, the ALJ gave several reasons for concluding that Hill's IQ scores of 57 and 58 were not valid. As set forth below, each reason finds support in the record.

- First, the ALJ found that these scores were markedly lower than Hill's earlier IQ tests. (Tr. 16). For example, IQ testing performed on four separate occasions between 1984 and 1992, while Hill was in school, resulted in verbal IQ scores of 72 to 86, performance IQ scores of 76 to 84, and full scale IQ scores of 72 to 84. (Tr. 329). The ALJ also noted that IQ testing performed by Michigan Rehab in 2011 (after Hill was released from prison, but before he applied for benefits) showed a full scale IQ of 75. (Tr. 16, 1044). The 2011 test administrator specifically deemed this score "an accurate reflection of [Hill's] actual intellectual ability." (Tr. 1044).

- Next, the ALJ noted that "the consultative examiner at Exhibit 16F indicated the 57 score [obtained in 2015] was based on poor effort. This suggests the comparable score at Exhibit 17F [obtained in 2013, also while Hill's application for benefits was pending] was also based on poor effort." (Tr. 16). Indeed, the consultative examiner was quite clear in his opinion that Hill did not put forth any real effort on the 2015 IQ test, saying: "He was able to provide an adequate history, description of his daily activities and did not evidence any problems with memory, however, upon initiation of the mental status and especially during the IQ testing, he had difficulty following even the simplest directions or answering basic questions reflective of exaggeration for secondary gain. It is this examiner's opinion he was putting forth minimal effort, the IQ results are considered invalid and they are significantly

5

discrepant from previous scores ….") (Tr. 1071).

- As the ALJ also noted, notes from Hill's treatment at Psygenics make clear that he wanted to obtain disability benefits (Tr. 16, 991, 1015), further supporting the ALJ's conclusion that the two IQ scores generated while his application was pending were not valid.

- The ALJ further noted that the IQ scores of 57 and 58 were "strongly inconsistent" with Hill's report that he wants to pursue college, which was supported by the therapist at Psygenics. (Tr. 16). This finds support in the record. (Tr. 1065).

- The ALJ also noted that Hill had prior skilled work as an assistant manager at a car wash, which, as the ALJ appropriately noted, only ended when Hill was incarcerated. (Tr. 16-17). While Hill is correct that his prior work history does not directly bear on whether he satisfies the Listing requirements, it does support the ALJ's evaluation of the consistency of the IQ scores with the record evidence. *Baker*, 21 F. App'x at 315.

- Elsewhere in the decision, the ALJ referenced the fact that Hill was "job hunting, that he enjoys cleaning and might wish to be a janitor, that he wants to work, and that he has been unable to find work despite searching due to his prison record." (Tr. 20). These facts too undercut the results of the 2013 and 2015 IQ tests.

Thus, while Hill may be correct that the ALJ *could have* found the IQ results in question valid, thus satisfying Listing 12.05B, the ALJ's decision to the contrary is supported by substantial evidence and will be affirmed. *See Herring ex rel. J.H. v. Comm'r of Soc. Sec.*, 2015 WL 1478010, at *4 (W.D. Mich. Mar. 31, 2015); *Lowes v. Comm'r of Soc. Sec.*, 2013 WL 4413751, at *6-7 (E.D. Mich. Aug. 15, 2013). For all of these reasons, and those stated on the record, the ALJ's decision is supported by substantial evidence.

## IV.    <u>Conclusion</u>

For the foregoing reasons, and those set forth in more detail on the record, Plaintiff's Motion for Summary Judgment (**Doc. #16**) is **DENIED**, Defendant's Motion for Summary Judgment (**Doc. #19**) is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: January 19, 2018                              s/David R. Grand  
Ann Arbor, Michigan                            DAVID R. GRAND  
                                                United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 19, 2018.

                                                           s/Eddrey O. Butts  
                                                           EDDREY O. BUTTS  
                                                           Case Manager